Marc J. Randazza, AZ Bar No.: 27861
Ronald D. Green, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Tel: 702-420-2001
ecf@randazza.com

*Attorneys for Defendant,*
*Lotto Sport Italia, S.p.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID DENT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>LOTTO SPORT ITALIA S.P.A.,<br>an Italian Corporation,<br><br>            Defendant. | Case No. CV-17-651-PHX-ROS<br><br>**DEFENDANT LOTTO SPORT ITALIA S.P.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Lotto Sport Italia S.p.A ("Lotto") submits the following Answer and Affirmative Defenses to Plaintiff David Dent's Complaint and denies all of its allegations unless expressly admitted herein.

## NATURE OF THE ACTION

1.  In response to Paragraph 1 of the Complaint, Lotto asserts that it is an expository paragraph to which no response is required. To the extent that a response is required, Lotto denies each and every allegation contained therein.

## PARTIES

2. In response to Paragraph 2 of the Complaint, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

3. In response to Paragraph 3 of the Complaint, Lotto admits the allegations contained therein.

## JURISDICTION AND VENUE

4. In response to Paragraph 4 of the Complaint, Lotto asserts that it is a conclusion of law to which no response is required. To the extent that a response is required, Lotto denies each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, Lotto asserts that the document referred to therein speaks for itself and denies any allegations contained in the Paragraph inconsistent with that document.

6. In response to Paragraph 6 of the Complaint, Lotto admits the allegations contained therein.

7. In response to Paragraph 7 of the Complaint, Lotto denies the allegations contained therein.

8. In response to Paragraph 8, Lotto asserts that the document referred to therein speaks for itself and that it is not a party to the contract referenced in the Paragraph. As such, Lotto denies that the registration contract provides any justification for Dent's assertion that venue in this district is proper.

9. In response to Paragraph 9, Lotto asserts that the provision of the Uniform Domain Name Dispute Resolution Policy ("UDRP") referenced therein speaks for itself and

denies any language contained in that Paragraph inconsistent with that provision of the UDRP.

## FACTS

10. In response to Paragraph 10, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

11. In response to Paragraph 11, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

12. In response to Paragraph 12, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

13. In response to Paragraph 13, Lotto asserts that the cited definition of "lotto" from Webster's New World Dictionary, Third College Edition, 1988 speaks for itself and denies any language in the Paragraph inconsistent with that cited definition. With regard to the remaining allegations contained in that Paragraph, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

14. In response to Paragraph 14, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

15. In response to Paragraph 15, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

16. In response to Paragraph 16, Lotto denies that the two domain names at issue in this case are "directly descriptive of the Plaintiff's business." With regard to the remaining allegations contained in that Paragraph, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

17. In response to Paragraph 17, Lotto admits that GoDaddy, LLC is located within this judicial district. With regard to the remaining allegations contained in that Paragraph, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

18. In response to Paragraph 18, Lotto asserts that the documents referenced in the Paragraph speak for themselves and denies any allegations contained in the Paragraph that are inconsistent with those documents.

19. In response to Paragraph 19, Lotto admits that it filed a complaint against Plaintiff Dent under the UDRP with the World Intellectual Property Organization ("WIPO"). Lotto denies the remaining allegations contained in the Paragraph.

20. In response to Paragraph 20, Lotto asserts that its UDRP complaint speaks for itself and denies any allegations contained in the Paragraph that are inconsistent with that complaint.

21. In response to Paragraph 21, Lotto asserts that its UDRP complaint speaks for itself and denies any allegations contained in the Paragraph that are inconsistent with that complaint.

22. In response to Paragraph 22, Lotto admits that it alleged that Dent acted in bad faith and that Dent did act in bad faith with regard to his registration and use of the domain names at issue. With regard to the remaining allegations contained in the Paragraph, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

23. In response to Paragraph 23, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

24. In response to Paragraph 24, Lotto admits that the WIPO decision ordered the transfer of the domain names at issue to Lotto. With regard to the remaining allegations contained in the Paragraph, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

25. In response to Paragraph 25, Lotto asserts that the language of the UDRP, the registration contracts, and the UDRP complaint speak for themselves and denies any allegations in the Paragraph that are inconsistent with those documents.

26. In response to Paragraph 26, Lotto denies that it "possesses no common law trade or service mark rights under the Lanham Act." Lotto admits the remaining allegations contained in the Paragraph.

27. In response to Paragraph 27, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

## FIRST CLAIM FOR RELIEF

### Reverse Domain Name Hi-Jacking

28. In response to Paragraph 28, Lotto incorporates its responses to the preceding paragraphs.

29. In response to Paragraph 29, Lotto objects to the inclusion of this Paragraph in the Complaint to the extent that it relates to Dent's claim for fraud in the UDRP proceeding, as that claim was dismissed by this Court. Notwithstanding that objection, Lotto denies that it made false statements in the UDRP and that Dent has any right to registration of the domain names at issue. Lotto admits that the domain names at issue have been locked and should be transferred to Lotto pursuant to the decision in the UDRP.

30. In response to Paragraph 30, Lotto objects to the inclusion of this Paragraph in the Complaint to the extent that it relates to Dent's claim for fraud in the UDRP

1 proceeding, as that claim was dismissed by this Court. Notwithstanding that objection, Lotto admits that it has notice of this action.

32. In response to Paragraph 31, Lotto objects to the inclusion of this Paragraph in the Complaint to the extent that it relates to Dent's claim for fraud in the UDRP proceeding, as that claim was dismissed by this Court. Notwithstanding that objection, Lotto denies each and every allegation contained therein.

32. In response to Paragraph 32, Lotto objects to the inclusion of this Paragraph in the Complaint to the extent that it relates to Dent's claim for fraud in the UDRP proceeding, as that claim was dismissed by this Court. Notwithstanding that objection, Lotto denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief

33. In response to Paragraph 33, Lotto incorporates its responses to the preceding paragraphs.

34. In response to Paragraph 34, Lotto denies each and every allegation contained therein.

35. In response to Paragraph 35, Lotto denies that Dent "had reasonable grounds to believe that its *[sic]* registration and/or use of the Domain Names was a fair use or otherwise lawful use." With regard to the remaining allegations in the Paragraph, Lotto is without knowledge or information to admit or deny the truth of the matters asserted therein and therefore denies them.

36. In response to Paragraph 36, Lotto admits each and every allegation contained therein.

37. In response to Paragraph 37, Lotto denies each and every allegation contained therein.

38. In response to Paragraph 38, Lotto asserts that this Paragraph contains a legal conclusion to which no response is necessary. To the extent that a response is necessary, Lotto denies each and every allegation contained therein.

39. In response to Paragraph 39, Lotto denies that Dent will "suffer immediate and irreparable harm" if the domain name is transferred to Lotto. Lotto admits the remaining allegations contained therein.

40. In response to Paragraph 40, Lotto denies each and every allegation contained therein.

41. In response to Paragraph 41, Lotto denies each and every allegation contained therein.

42. In response to Paragraph 42, Lotto asserts that this Paragraph contains a legal conclusion to which no response is necessary. To the extent that a response is necessary, Lotto denies each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF

**Tortious Interference**

43. In response to Paragraph 43, Lotto incorporates its responses to the preceding paragraphs.

44. In response to Paragraphs 44 through 46, Lotto states that no response is necessary because the Court dismissed this claim pursuant to an Order (Doc. # 17) dated February 12, 2018.

## AFFIRMATIVE DEFENSES

The affirmative defenses as set forth herein are based solely upon the allegations contained in Plaintiff's Complaint. Defendant Lotto reserves the right to assert and rely upon additional defenses that become available or apparent during the pendency of this action and to modify the affirmative defenses set forth herein as Defendant obtains additional information.

### First Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands, as he made material misrepresentations during the UDRP proceeding and in his Complaint.

### Second Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel, as he misrepresented his reasons for acquiring the domain names that are the subject of this action.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent that they rely upon a contract between Plaintiff and a third party, not Lotto.

### Fourth Affirmative Defense

Plaintiff's claims are barred as they are based upon his own material misstatements to WIPO and to this Court.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

A. That judgment be rendered in favor of Defendant with respect to all remaining counts and causes of action set forth in Plaintiff's Complaint;

B. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

C. That Plaintiff take nothing by reason of his Complaint;

1     D.    That Defendant be awarded its costs of suit incurred in the defense of this action; and

3     E.    For any and all other relief deemed appropriate by the Court.

Dated: March 8, 2018.        Respectfully submitted,

/s/ Ronald D. Green
_____
Marc J. Randazza, AZ Bar No. 27861
Ronald D. Green, *pro hac vice*
Randazza Legal Group, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Defendant,*
*Lotto Sport Italia S.p.A.*

Case No. CV-17-651-PHX-ROS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Employee,
Randazza Legal Group, PLLC